14-1519-cr
United States v. Lopez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
                    **Circuit Judges**,

         ELIZABETH A. WOLFORD,
                    **District Judge**.*

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

         -v.-                                          14-1519-cr

EFRAIN LOPEZ,
         **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          COLLEEN P. CASSIDY, Federal
                        Defenders of New York, Inc.,

---

\* Judge Elizabeth A. Wolford, of the United States District Court for the Western District of New York, sitting by designation.

Appeals Bureau, New York, New York.

**FOR APPELLEE:**                    KARL METZNER, Assistant United States Attorney (<u>with</u> Ilan Graff, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of conviction of the district court be **AFFIRMED.**

Defendant-appellant Efrain Lopez appeals the sentence imposed by the United States District Court for the Southern District of New York (Seibel, <u>J.</u>).  He was sentenced to 48 months in prison, followed by three years' supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Lopez argues that the district court committed procedural error by failing to provide notice of its intent to impose a sentence in excess of the Guidelines, and that the sentence imposed is substantively unreasonable.  Review of a district court's sentencing falls "under a deferential abuse-of-discretion standard," <u>Gall v. United States</u>, 552 U.S. 38, 41 (2007), and encompasses both procedural and substantive components, <u>United States v. Bonilla</u>, 618 F.3d 102, 108 (2d Cir. 2010).  "Substantive reasonableness review can take place any time following procedural reasonableness review." <u>Bonilla</u>, 618 F.3d at 109.  If satisfied that the sentence is procedurally proper, this Court reviews substantive reasonableness of an above-Guidelines sentence by examining "the reasons given by the district court." <u>United States v. Douglas</u>, 713 F.3d 694, 700 (2d Cir. 2013). Generally, however, "if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in

2

imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." United States v. Pope, 554 F.3d 240, 246-47 (2d Cir. 2009) (internal quotation marks and alterations omitted).

As to procedural error, Lopez argues that the district court erred by failing to give notice before making an upward departure, a requirement under Federal Rule of Criminal Procedure 32(h). This notice requirement does not extend to the other mechanism for adjusting sentences: variances. Irizarry v. United States, 553 U.S. 708, 714 (2008). Despite the court's use of language typically used to describe a departure, the sentence imposed amounted to a variance from the Guidelines because the district court relied on its power under 18 U.S.C. § 3553(a). See United States v. Keller, 539 F.3d 97, 100 (2d Cir. 2008) ("We see no error whatsoever in the District Court's use of the framework and terminology of the Guidelines in the course of exercising its variance discretion."). Accordingly, we find no procedural error.

As to substantive reasonableness, Lopez argues that, (1) the district court's policy disagreement with the firearm sentencing Guidelines improperly weighed as a major justification for the sentence, and (2) his convictions for remote conduct, which were excluded from the Criminal History Category calculation, improperly resulted in an increased sentence. Neither argument is persuasive.

First, Lopez's contention that the district court's policy disagreement with the firearm sentencing Guidelines served as a major justification is an overstatement. The district court briefly mentioned its disagreement after a lengthy explanation justifying the above-Guidelines sentence on other grounds. At any rate, a district court may adjust a sentence, "based solely on policy considerations, including disagreements with the Guidelines." United States v. Dhafir, 577 F.3d 411, 414 (2d Cir. 2009); see also Kimbrough v. United States, 552 U.S. 85, 101 (2007) ("[A]s a general matter, courts may vary from the Guidelines ranges solely on policy considerations, including disagreements with the Guidelines." (internal quotation marks and alterations omitted)).

3

Second, Lopez's remote convictions were not a basis for the above-Guidelines sentence.  The district court identified a number of § 3553(a) factors as justifications for the sentence imposed.  Of particular importance, the district court considered that the defendant's recent convictions were violent.  These findings, coupled with the current charges for possession of a modified firearm, served as the district court's basis for the sentence, which we conclude was substantively reasonable.

For the foregoing reasons, and finding no merit in Lopez's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK